IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R.K.C.J. LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-00533-k |
| | § | Judge Kinkeade |
| | § | |
| Texas Capital Bank, N.A. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6) AND BRIEF IN SUPPORT**

**CHERRY PETERSEN LANDRY ALBERT LLP**

By: /s/ Craig A. Albert
    Craig A. Albert
    Texas Bar No. 00790076
    Email: calbert@cplalaw.com
    Britaney Garrett
    Texas Bar No. 24101794
    Email: bgarrett@cplalaw.com
    Kenneth C. Meixelsperger
    Texas Bar No. 24031596
    Email: kmeixelsperger@cplalaw.com

    8350 North Central Expressway, Suite 1500
    Dallas, Texas 75206
    Telephone:  214.265.7007
    Facsimile:   214.265.7008

    **Counsel for Defendant
    Texas Capital Bank, N.A.**

## TABLE OF CONTENTS

Table of Authorities………………………………………………………………………………...iii

Summary of Motion and Preliminary Statement…………………………………………………1

Standard of Review……………………………………………………………………………….2

Arguments & Authorities……………………………………………………………………….....3

    A.  Plaintiff fails to state a claim under the Equal Credit Opportunity Act
        (15 USC §1691)….……………………………………………………………………..3

    B.  Plaintiff fails to state a claim under the federal Civil Rights Acts
        (Title 42, United States Code).…………………………………………………….....6

    C.  Plaintiff fails to state a claim under the Texas Commission on Human Rights Act
        (Tex. Lab. Code §21.001, et seq.)…...……………………………..………..…...10

    D.  Plaintiff's declaratory relief claim does not withstand Rule 12 scrutiny….….………..11

Conclusion………………………………………………………………………………….…12

# TABLE OF AUTHORITIES

**CASES**

*Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705–06 (5th Cir. 2017) ............................... 4
*Alief Indep. Sch. Dist. v. Brantley*, 558 S.W.3d 747, 752 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ............................................................................................................. 10
*Ass'n of Cleveland Fire Fighters*, 502 F.3d 545, 548 (6th Cir. 2007) ............................................ 3
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007). .................................................... 2, 7
*Boardley v. Household Fin. Corp. III,* 39 F.Supp.3d 689, 709-10 (D.Md. 2014). ................. 3, 5, 7
*Bojorquez v. Wells Fargo Bank, N.A.*, No. 6:12–cv–2077–AA, 2013 WL 6055258, at *6 (D.Or. Nov.7, 2013) ............................................................................................................ 5
*Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) ............................................... 3
*Capitol Indem. Corp. v. Aulakh*, 313 F.3d 200, 202 (4th Cir. 2002) ............................................. 3
*Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679), aff'd sub nom. *Coleman v. Court of Appeals of Maryland*, 132 S.Ct. 1327 (2012). ............................................................................................................................ 4
*Combs v. Bank of Am., N.A.*, No. GJH-14-3372, 2015 WL 5008754, at *3 (D.Md. Aug. 20, 2015) ............................................................................................................. 5
*Egbukichi v. Wells Fargo Bank, NA*, 184 F. Supp. 3d 971, 980 (D. Or. 2016). ............................ 4
*Greco v. Orange Mem'l Hosp. Corp.*, 513 F.2d 873, 878 n. 7 (5th Cir. 1975) ............................. 8
*Iqbal v. Ashcroft*, 556 U.S. 662, 679 (2009). ........................................................................ 2, 5, 7
*Jones v. Caliber Home Loans, Inc.*, CV 18-1023-SDD-EWD, 2019 WL 3366104, at *5 (M.D. La. July 25, 2019) ..................................................................................................... 4, 6
*Landscape Design and Constr., Inc. v. Transport Leasing/Contract, Inc.*, 2002 WL 257573, at *10 (N.D.Tex. Feb.19, 2002) ........................................................................................ 11
*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). ......................................................... 3
*Montano–Valdez v. Wells Fargo Bank, N.A.*, No. H–13–3078, 2014 WL 69886, at *2 (S.D.Tex. Jan. 8, 2014) ............................................................................................................ 5
*Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361, 386 (S.D.N.Y. 1997) ................................................................................................... 11, 12
*Pullins v. Bank*, CV 19-00006, 2020 WL 1450560, at *4 (M.D. La. Mar. 25, 2020) .................... 6
*Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002) ............................................................. 3
*Vasquez v. Bank of America, N.A.*, No. 13–cv–02902–JST, 2013 WL 6001924, at *13 (N.D.Cal. Nov. 9, 2013) ............................................................................................................ 5
*Xtria LLC v. Tracking Sys., Inc.*, 3:07-CV-0160-D, 2007 WL 1791252, at *3 (N.D. Tex. June 21, 2007) ............................................................................................................... 11, 12

**STATUTES**

15 USC § 169 ........................................................................................................................ 1, 3, 4
28 USC §2201 ......................................................................................................................... 1, 11
42 USC §3604 ............................................................................................................................... 9
42 USC §3605 ............................................................................................................................... 9
42 USC §3606 ............................................................................................................................... 9

42 USC §1981 ................................................................................................................. 1, 6, 7
42 USC §1983 ................................................................................................................. 1, 6, 8
42 USC §2000e ............................................................................................................... 1, 6, 9
42 USC §3602 ................................................................................................................. 1, 6, 9
42 USC §3614 ............................................................................................................... 1, 6, 10
Tex. Lab. Code §21.001 ....................................................................................................... 10
Tex. Lab. Code §21.051 ....................................................................................................... 10

**Rules**

Fed. R. Civ. P. 12(b)(6). ............................................................................................................ 2

# I
## SUMMARY OF MOTION AND PRELIMINARY STATEMENT

1.      Given an expansive read, Plaintiff R.K.C.J., LLC's complaint alleges eight statutory causes of action pursuant to:

   a.  15 USC §1691;[1]
   b.  42 USC §1981;
   c.  42 USC §1983;
   d.  42 USC §2000e;
   e.  42 USC §3602(i);
   f.  42 USC §3614;
   g.  TEX. LAB. CODE §21.001, et seq.;[2] and
   h.  28 USC §2201.[3]

Each claim arises from allegations that, in the course of a consumer lending transaction earlier this year, Defendant engaged in racial discrimination against Plaintiff. This alleged discrimination is stated in the most conclusory, speculative terms and supported only by Plaintiff's unsubstantiated

---

[1] At paragraph 12 of the Complaint, Plaintiff actually references 15 USC §169(a)(1). However, this appears to be a typo, since no such statute exists and Plaintiff's reference to the Equal Credit Opportunity Act, as well as its allegations of race discrimination in a lending transaction, suggest an intended reference to 15 USC §1691(a)(1), which provides:

> **(a) Activities constituting discrimination**
> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction--
> **(1)** on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)…

15 U.S.C. § 1691(a)(1). Accordingly, Defendant's discussion is confined to Plaintiff's putative claim pursuant to Section 1691.

[2] At paragraph 15 of the Complaint, Plaintiff alleges a violation of the "Texas Human Rights Law." Defendant understands this to be a reference to the Texas Commission on Human Rights Act (TEX. LAB. CODE. § 21.001, et seq.). Accordingly, Defendant's discussion of Plaintiff's "Human Rights Law" claim is confined to claims arising under Section 21.001, et seq.

[3] Although mistakenly cited at paragraph 2 of the Complaint as 22 USC §2201 (Assistance to Disadvantaged Children in Asia), Plaintiff appears to be asserting a claim under 28 USC §2201 (Declaratory Judgments). Accordingly, Defendant's discussion of Plaintiff's putative claim under Section 2208.

and apparently uninformed belief.[4] But these allegations do not meet the *Twombly/Iqbal* pleading standard, and are insufficient to state a claim upon which relief may be granted.

2. Setting aside the deficiency of Plaintiff's factual allegations, several of the statutory provisions that form the basis for Plaintiff's claims provide no private right of action for the type of conduct alleged in Plaintiff's Complaint. And Plaintiff—the party with the burden of proof— fails to allege one or more statutory elements supporting its remaining causes of action.

3. In this manner, Plaintiff's Complaint fails to meet the most basic pleading requirements, and cannot survive a motion to dismiss pursuant to FED R. CIV. P. 12(b)(6). These actions should not be allowed and Plaintiff's claims are ripe for dismissal pursuant to FED. R. CIV. P. 12(b)(6).

## II
## STANDARD OF REVIEW

### A. Rule 12(b)(6) Standard

4. To avoid dismissal under Rule 12(b)(6), a claimant must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007). The claimant's pleading must contain factual allegations that rise above the "speculative level" and provide a "'[p]lain statement' [that] possess[es] enough heft to 'show that the pleader is entitled to relief.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[4] Curiously absent from the Complaint is any reference to the identity of the actor or actors, who animated the allegedly improper intent of Defendant, such as a loan officer or a relationship manager.

inference that the defendant is liable for the misconduct alleged." *Iqbal v. Ashcroft*, 556 U.S. 662, 679 (2009). "To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) (citing *Ass'n of Cleveland Fire Fighters*, 502F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555)).

### III
### ARGUMENTS AND AUTHORITIES

**A. Plaintiff fails to state a claim under the Equal Credit Opportunity Act (15 USC §1691).**

5.  Plaintiff asserts a lending discrimination claim against Defendant pursuant to the Equal Credit Opportunity Act ("ECOA"). Complaint at ¶ 12. The ECOA "contain[s] broad anti-discrimination provisions that 'make it unlawful for any creditor to discriminate against any applicant with respect to any credit transaction on the basis of race, color, religion, national origin, sex or marital status, or age.'" *Capitol Indem. Corp. v. Aulakh*, 313 F.3d 200, 202 (4th Cir. 2002) (quoting 15 U.S.C. § 1691(a)(1)).

6.  To succeed on an ECOA claim at trial, a plaintiff must provide direct evidence of unlawful discrimination or, if direct evidence is lacking, follow the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Boardley v. Household Fin. Corp. III,* 39 F.Supp.3d 689, 709-10 (D.Md. 2014). At the motion to dismiss stage, however, a complaint need not establish a prima facie case of discrimination under the *McDonnell Douglas* framework. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002) (noting that "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement"). Rather, "to

survive a motion to dismiss, the complaint must 'state[] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense.'" *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679), aff'd sub nom. *Coleman v. Court of Appeals of Maryland*, 132 S.Ct. 1327 (2012). "More specifically, the complaint must plausibly allege that (1) each plaintiff was an 'applicant'; (2) the defendant was a 'creditor'; and (3) the defendant discriminated against the plaintiff with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705–06 (5th Cir. 2017) (quoting 15 U.S.C. §§ 1691(a), 1691a(b), 1691a(e), 1691e(a).).

7.  "A claimant can establish a racial discrimination complaint under the … ECOA by showing disparate treatment,[fn] which is deliberate discrimination [fn] that results in treating some people less favorably than others because of a protected trait. [fn]." *Jones v. Caliber Home Loans, Inc.*, CV 18-1023-SDD-EWD, 2019 WL 3366104, at *5 (M.D. La. July 25, 2019) (internal citations and quotations omitted). Facts that might plausibly suggest that the denial of credit was because of or on the basis of an applicant's protected status may include: (i) that the applicant was qualified to receive credit and was denied credit, or offered less favorable terms, despite being qualified; (ii) facts demonstrating discriminatory animus or treatment by the defendant; or (iii) that persons not within the protected class were granted extensions of credit by the defendant. *Egbukichi v. Wells Fargo Bank, NA*, 184 F. Supp. 3d 971, 980 (D. Or. 2016).

8.  For several reasons, Plaintiff's Complaint does not come close to satisfying this pleading standard. First, Plaintiff does not adequately allege it was qualified for less "onerous" credit terms than those purportedly offered by Defendant. Complaint at ¶¶ 10, 12. Throughout the complaint, Plaintiff offers allegations concerning its assets, income, and ownership structure. *Id.*

at ¶¶ 4-8 and Exhibit A-1 thereto. But critically, Plaintiff offers no factual allegations regarding the requirements necessary for credit approval on the less "onerous" terms Plaintiff surmises were available to white applicants. Nor does Plaintiff allege facts sufficient "to raise a right to relief above the speculative level," *Iqbal,* 556 U.S. 678-79, that Plaintiff's application met these requirements. A number of federal courts have found similar pleading insufficient to state a plausible claim of discrimination under the ECOA. *See e.g., Combs v. Bank of Am., N.A.*, No. GJH-14-3372, 2015 WL 5008754, at *3 (D.Md. Aug. 20, 2015) ("Although she alleges that she is a member of a protected class, she fails to adequately allege that she met the qualifications for loan modification and was denied despite her qualifications. In fact, Plaintiff does not indicate what 14 qualifications were at issue."); *Montano–Valdez v. Wells Fargo Bank, N.A.,* No. H–13–3078, 2014 WL 69886, at *2 (S.D.Tex. Jan. 8, 2014) ("[ECOA Plaintiff] does not allege any specific facts showing that she qualified for the loan modification she sought, or that others who were similarly situated but outside her protected class received the loan she was denied. Courts addressing motions to dismiss similar allegations have found pleadings too conclusory and skeletal to proceed.") (collecting cases); *Boardley*, 39 F. Supp. 3d at 711 ("[B]ecause . . . Plaintiffs do not allege their qualifications, Plaintiffs' pleadings fall short with regard to their ECOA lending discrimination claim."); *Bojorquez v. Wells Fargo Bank, N.A.,* No. 6:12–cv–2077–AA, 2013 WL 6055258, at *6 (D.Or. Nov.7, 2013) ("[B]eyond merely concluding that they were 'refus[ed] the loan for which [they were] qualified,' plaintiffs do not ... allege any facts demonstrating that they were, in fact, eligible for credit and nonetheless denied.") (dismissing ECOA claim); *Vasquez v. Bank of America, N.A.,* No. 13–cv–02902–JST, 2013 WL 6001924, at *13 (N.D.Cal. Nov. 9, 2013) ("[ECOA Plaintiff] must also allege specific facts, not mere conclusory assertions, demonstrating that [plaintiff] was "qualified for credit."). Similarly, Plaintiff's unadorned and conclusory

assertion that the credit terms offered by Defendant were "onerous" does not meet the *Twombly/Iqbal* pleading standard.

9.      In addition, Plaintiff's allegations do not reflect any discriminatory animus or treatment by Defendant. Instead, the Complaint reflects only a professional relationship, including exchange of financial documents and run-of-the-mill communications in the course of Plaintiff's credit application. *See* Complaint at ¶¶ 4-9.

10.     Finally, Plaintiff's allegations do not suggest that similarly qualified white applicants were, in fact, granted the less "onerous" credit terms sought by Plaintiff. In fact, the only factual allegation suggesting such discriminatory treatment is Plaintiff's mere supposition that a hypothetical white, but similarly qualified applicant, **might** receive better terms if it presented a similar credit application to Defendant. *See id.* at ¶ 12. But "[o]ne conclusory allegation in support of a claim under the ECOA is not sufficient to withstand a challenge under Rule 12(b)(6)." *Pullins v. Bank*, CV 19-00006, 2020 WL 1450560, at *4 (M.D. La. Mar. 25, 2020); *see also Jones,* 2019 WL 3366104, at *5 ("Plaintiff offered only vague and conclusory allegations which are legally insufficient to establish a claim for disparate treatment.").

11.     Since Plaintiff's conclusory and skeletal Complaint contains no factual allegations showing Plaintiff's qualification for less "onerous" credit terms, or a denial of such favorable terms on the basis of race, it cannot withstand scrutiny under Rule 12, and is ripe for dismissal.

**B. Plaintiff fails to state a claim under the federal Civil Rights Acts (Title 42, United States Code).**

12.     In addition to its ECOA claim, Plaintiff asserts a laundry list of claims under Title 42, United States Code. Specifically, Plaintiff invokes:

      a. 42 USC §1981;
      b. 42 USC §1983;

   c. 42 USC §2000e;
   d. 42 USC §3602(i);
   e. 42 USC §3614

Despite this "see what sticks" approach to civil rights litigation, for reasons set forth below, Plaintiff fails to state even one viable claim under Title 42.

  **i.** **42 USC §1981**

  13. Section 1981 creates a private cause of action against private actors who interfere with a claimant's right to contract on the basis of race. 42 USC §1981. To state a prima facie case of discrimination under 42 U.S.C. § 1981 in the context of goods and services, such as a line of credit, a plaintiff must allege: (i) it is a member of a protected class; (ii) it sought to enter into a contractual relationship with the defendant; (iii) it met the defendant's ordinary requirements to pay for and to receive goods or services ordinarily provided by the defendant to other similarly situated customers; and (iv) it was denied the opportunity to contract for goods or services that was otherwise afforded to white customers. *See Boardley*, 39 F. Supp. 3d at 710.

  14. Given these pleading requirements, Plaintiff's Section 1981 claim cannot withstand Rule 12 scrutiny for the same reasons as its ECOA claim. Namely, Plaintiff has not adequately plead facts showing its qualification for the less "onerous" loan terms sought. Nor has Plaintiff alleged facts showing the alleged denial of these favorable terms was motivated by Plaintiff's race or membership in a protected class. Indeed, Plaintiff's Complaint is devoid of allegations that the credit terms offered to Plaintiff were different than those actually offered to similarly qualified white applicants. There is only Plaintiff's unsubstantiated conjecture that, hypothetically, if similarly qualified white applicants were to apply, they might be offered more favorable terms.

  15. But these highly speculative allegations based solely on a hypothetical circumstance and Plaintiff's conjecture as to Defendant's conduct, should such a situation arise,

do not meet the *Twombly/Iqbal* pleading standard, and are insufficient to state a Section 1981 claim. *Twombly*, 550 U.S. at 550; *Iqbal,* 556 U.S. at 679; *Boardley*, 39 F. Supp. 3d at 710 ("While Plaintiffs have alleged that they are African–American, that they sought a line of credit from Defendants, and that they were denied the loan they initially sought…they have not stated a claim under the Civil Rights Act. Fatally, Plaintiffs fail to claim that they were qualified for the line of credit they sought….Additionally, Plaintiffs make only unsupported vague claims with regard to the treatment of the protected class in comparison to others outside the class, such as that Defendants' pricing policy "had a significant and pervasive adverse impact on black homeowners," … and that "black[s] and Hispanics paid disparately more discretionary charges (both in frequency and amount)" and higher interest rates "than similarly situated whites," …. Consequently, Plaintiffs offer only conclusory allegations that others outside their protected class received loans on more favorable terms. These threadbare recitals of the elements of [the] cause of action, supported by mere conclusory statements, do not suffice.") (internal quotations and citations omitted). Accordingly, Plaintiff fails to state a plausible claim for relief pursuant to Section 1981.

    ii.    **42 USC §1983**

    16.    Section 1983 creates a private cause of action against actors who, "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia," interfere with a claimant's right to contract on the basis of race. 42 USC §1983. "Two elements must be proved in order to recover under s 1983: (1) deprivation of a constitutional right by a defendant, (2) acting under color of law." *Greco v. Orange Mem'l Hosp. Corp.*, 513 F.2d 873, 878 n. 7 (5th Cir. 1975). The "under color of law" provision of this section is congruent to the "state action" concept. *Id.* The "state actor" requirement is essential to a right of action under

Section 1983. *Id.* at 877-78 ("Section 1983 and the Fourteenth Amendment do not preclude invidious discrimination by private parties.")

17.     In this case, Plaintiff does not allege (explicitly or implicitly) that Defendant, a private financial institution, is a state actor. Thus, Plaintiff fails to state a claim for relief pursuant to section 1983.

### iii.    42 USC §2000e

18.     Section 2000e defines a number of terms as used in the Civil Rights Act of 1871. 42 USC §2000e. Plaintiff appears to cite this provision as a putative basis for its claimed entitlement to relief. *See* Complaint at ¶ 2. However, Section 2000e does not create a private right of action. Accordingly, to the extent Plaintiff alleges a cause of action pursuant to Section 2000e, Plaintiff states no claim for which relief may be granted.

### iv.    42 USC §3602(i)

19.     The federal Fair Housing Act ("FHA"), of which Section 3602(i) is part, gives "persons" a cause of action for discrimination in one of four enumerated transaction types: (i) sale of housing; (ii) rental of housing; (iii) residential real estate transactions; and (iv) brokerage services. *See* 42 USC §§3604-06.

20.     Section 3602(i), upon which Plaintiff relies in support of its causes of action, contains a list of statutory "persons" to whom the FHA's protections applies. *See* 42 USC §3602(i). Notably absent from this list is LLCs like Plaintiff. *See, id.*

21.     Even assuming, *arguendo*, that Plaintiff is a "person" with a right of action under the FHA, Plaintiff has alleged no facts suggesting this case involves any of the four types of transaction governed by the FHA. *See* 42 USC §§3604-06. Accordingly, Plaintiff fails to state a claim for relief pursuant to the FHA.

  **v.**  **42 USC §3614**

  22. Section 3614 grants the United States Attorney General the right to bring a cause of action in the federal courts based on:

> (i) reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this subchapter, or that any group of persons has been denied any of the rights granted by this subchapter and such denial raises an issue of general public importance; or
>
> (ii) referral by the Secretary of HUD of a discriminatory housing practice or a conciliation agreement for enforcement.

*See* 42 USC §3614. Section 3614 also gives the Attorney General the right to enforce subpoenas under the section, and grants anyone the right to intervene in an action commenced by the Attorney General pursuant to the section.

  23. Importantly though, Section 3614 does not create a private right of action (aside from the right to intervene in lawsuits commenced by the Attorney General). Thus, to the extent Plaintiff's claims arise under Section 3614, Plaintiff fails to allege a claim for which relief may be granted.

  **C. Plaintiff fails to state a claim under the Texas Commission on Human Rights Act (TEX. LAB. CODE §21.001, et seq.).**

  24. Aside from its federal claims, Plaintiff invokes the Court's pendent jurisdiction over a putative claim for violation of the Texas Commission on Human Rights Act ("TCHRA") (TEX. LAB. CODE §21.001, et seq.). *See* Complaint at ¶ 2. Under the TCHRA:

> An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer ... discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment.

TEX. LAB. CODE §21.051; *Alief Indep. Sch. Dist. v. Brantley*, 558 S.W.3d 747, 752 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). Notably, the protections of the TCHRA extend only to

employment discrimination cases. Since Plaintiff has alleged no employer-employee relationship or related discrimination here, Plaintiff fails to state a claim under the TCHRA.

### D. Plaintiff's declaratory relief claim does not withstand Rule 12 scrutiny.

25. Subject to certain statutory limits, a federal court has discretion to grant declaratory relief in "a case of actual controversy within its jurisdiction." 28 U.S.C. §2201. In such cases of "actual controversy," a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id.*

26. Importantly, the "actual controversy" requirement is not satisfied and declaratory judgment is not available where a claimant merely prays for judicial declaration of the merits of claims already before the court. *See Xtria LLC v. Tracking Sys., Inc.*, 3:07-CV-0160-D, 2007 WL 1791252, at *3 (N.D. Tex. June 21, 2007) (dismissing pursuant to Rule 12(b)(6) motion declaratory judgment action that sought resolution of substantive claim that was already basis of lawsuit); *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361, 386 (S.D.N.Y. 1997) ("Here, ORIC simply seeks a declaratory judgment concerning the claims raised in the remainder of its Complaint. As such, those claims are an improper subject for a declaratory judgment."); *see also Landscape Design and Constr., Inc. v. Transport Leasing/Contract, Inc.,* 2002 WL 257573, at *10 (N.D.Tex. Feb.19, 2002) (granting summary judgment on declaratory judgment action that sought resolution of substantive claims that were already basis of lawsuit).

27. In this case, aside from its claims for damages and injunctive relief, Plaintiff prays for "a declaratory judgment that the acts and practices of defendant complained of herein are in violation of the laws of the United States and the State of Texas." Complaint at p. 3 (Prayer). Thus,

Plaintiff merely seeks a declaratory judgment concerning the claims raised in the remainder of its Complaint. But such claims are an improper subject for declaratory judgment. *See Xtria LLC*, 2007 WL 1791252, at *3; *Old Republic Ins. Co.*, 170 F.R.D. at 368. As a result, Plaintiff's declaratory judgment claim cannot withstand Rule 12 scrutiny.

## IV
## CONCLUSION

28.     In light of the foregoing, Defendant respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Claims, enter an Order dismissing Plaintiff's causes of action with prejudice, grant Defendant of its attorney's fees and costs incurred in defending Plaintiff's causes of action, and grant Defendant all other relief, in both law and equity, to which it may be justly entitled.

Respectfully submitted,

**CHERRY PETERSEN LANDRY ALBERT LLP**

By: /s/ Craig A. Albert
    Craig A. Albert
    Texas Bar No. 00790076
    Email: calbert@cplalaw.com
    Britaney Garrett
    Texas Bar No. 24101794
    Email: bgarrett@cplalaw.com
    Kenneth C. Meixelsperger
    Texas Bar No. 24031596
    Email: kmeixelsperger@cplalaw.com

    8350 North Central Expressway, Suite 1500
    Dallas, Texas 75206
    Telephone:  214.265.7007
    Facsimile:  214.265.7008

    **Counsel for Defendant**
    **Texas Capital Bank, N.A.**

CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2020, I served the foregoing document by electronic transmission to all counsel of record.

/s/ Craig A. Albert
Craig A. Albert