IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R.K.C.J. LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 3:20-cv-00533-k<br>Judge Kinkeade |
| | § § | |
| Texas Capital Bank, N.A. | § § | |
| Defendant. | § | |

## DEFENDANT'S MOTION FOR ATTORNEYS' FEES PURSUANT TO RULE 54 AND 42 U.S.C. § 1988 AND BRIEF IN SUPPORT

CHERRY PETERSEN LANDRY ALBERT LLP

By: /s/ Craig A. Albert
    Craig A. Albert
    Texas Bar No. 00790076
    Email: calbert@cplalaw.com
    Britaney Garrett
    Texas Bar No. 24101794
    Email: bgarrett@cplalaw.com
    Kenneth C. Meixelsperger
    Texas Bar No. 24031596
    Email: kmeixelsperger@cplalaw.com

8350 North Central Expressway, Suite 1500
Dallas, Texas 75206
Telephone: 214.265.7007
Facsimile: 214.265.7008

**Counsel for Defendant
Texas Capital Bank, N.A.**

## TABLE OF CONTENTS

Table of Authorities............................................................................................iii

Summary of Motion and Preliminary Statement.................................................1

Legal Standard....................................................................................................3

Arguments & Authorities....................................................................................6

Conclusion..........................................................................................................1

## TABLE OF AUTHORITIES

**CASES**

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420, 98 S.Ct. 694 (1978) .......................... 4
*Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) ........................................................................ 4
*Marquart* [v. Lodge 837, 26 F.3d 842, 852 (8th Cir.1994) ........................................................... 4

**STATUTES**

15 USC §1691 ............................................................................................................................... 1
28 USC §2201 ............................................................................................................................... 1
42 USC § 1988 .......................................................................................................................... 3, 4
42 USC §1981 ............................................................................................................................... 1
42 USC §1983 ............................................................................................................................... 1
42 USC §2000e .............................................................................................................................. 1
42 USC §3602(i) ........................................................................................................................... 1
42 USC §3614 ............................................................................................................................... 1
TEX. LAB. CODE §21.001 ............................................................................................................... 1

**OTHER AUTHORITIES**

https://texasrepublicbank.com/ ..................................................................................................... 9
https://texasrepublicbank.com/managementteam/ ........................................................................ 9
https://www.dallasfed.org/-/media/Documents/banking/memberbanks.pdf?la=en ...................... 9
https://www.sos.state.tx.us/corp/sosda/index.shtml) .................................................................... 8
https://www.texascapitalbank.com/ .............................................................................................. 9

**RULES**

FED. R. CIV. P. 11 .......................................................................................................................... 9
FED. R. CIV. P. 12(b)(6). ............................................................................................................... 3
FED. R. CIV. P. 54 .......................................................................................................................... 3
FED. R. CIV. P. 54(d)(2)(B)(i) ....................................................................................................... 6

# I
## SUMMARY OF MOTION AND PRELIMINARY STATEMENT

1.  In late January to early February of 2020, Plaintiff R.K.C.J., LLC sought financing from non-party Texas Republic Bank, N.A. Ultimately, Texas Republic Bank, N.A. refused to extend financing to Plaintiff, except on terms Plaintiff characterizes as "onerous." Attributing these "onerous" terms to unlawful racial discrimination, on March 2, 2020, Plaintiff initiated this lawsuit, asserting eight statutory causes of action pursuant to:

   a. 15 USC §1691;[1]
   b. 42 USC §1981;
   c. 42 USC §1983;
   d. 42 USC §2000e;
   e. 42 USC §3602(i);
   f. 42 USC §3614;
   g. TEX. LAB. CODE §21.001, et seq.;[2] and
   h. 28 USC §2201.[3]

---

[1] At paragraph 12 of the Complaint, Plaintiff actually references 15 USC §169(a)(1). However, this appears to be a typo, since no such statute exists and Plaintiff's reference to the Equal Credit Opportunity Act, as well as its allegations of race discrimination in a lending transaction, suggest an intended reference to 15 USC §1691(a)(1), which provides:

> **(a) Activities constituting discrimination**
> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction--
> **(1)** on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)...

15 U.S.C. § 1691(a)(1). Accordingly, Defendant's discussion is confined to Plaintiff's putative claim pursuant to Section 1691.

[2] At paragraph 15 of the Complaint, Plaintiff alleges a violation of the "Texas Human Rights Law." Defendant understands this to be a reference to the Texas Commission on Human Rights Act (TEX. LAB. CODE. § 21.001, et seq.). Accordingly, Defendant's discussion of Plaintiff's "Human Rights Law" claim is confined to claims arising under Section 21.001, et seq.

[3] Although mistakenly cited at paragraph 2 of the Complaint as 22 USC §2201 (Assistance to Disadvantaged Children in Asia), Plaintiff appears to be asserting a claim under 28 USC §2201 (Declaratory Judgments). Accordingly, Defendant's discussion of Plaintiff's putative claim under Section 2208.

2. As set forth more fully in Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6), each cause of action is stated in the most conclusory, speculative terms and supported only by Plaintiff's unsubstantiated and apparently uninformed belief.[4] These allegations do not meet the *Twombly/Iqbal* pleading standard, and are insufficient to state a claim upon which relief may be granted. Furthermore, several of the statutory provisions that form the basis for Plaintiff's claims provide no private right of action for the type of conduct alleged in Plaintiff's Complaint. And Plaintiff—the party with the burden of proof—fails to allege one or more statutory elements supporting its remaining causes of action.

3. Equally troubling, Plaintiff did not sue Texas **Republic** Bank, N.A.—the putative bad actor and the party whom, according to Plaintiff, perpetrated the discrimination at the heart of Plaintiff's claims. Instead, Plaintiff sued Defendant, Texas **Capital** Bank, N.A., an entity entirely distinct from and unaffiliated with Texas Republic Bank, N.A., who was not involved in the underlying credit transaction, and whose only mistake seems to be having the words "Texas" and "Bank" in its name.

4. Plaintiff agreed to voluntarily nonsuit its causes of action once Defendant advised Plaintiff of this fundamental error—an error which is self-evident from email correspondence between Plaintiff's counsel and a Texas Republic Bank, N.A. loan officer concerning Plaintiff's credit application. (These emails, which were supplied to Defendant by Plaintiff's counsel on April 7, 2020, prominently bear Texas Republic Bank, N.A.'s name and logo and are addressed to or from the domain "TexasRepublicBank.com".) Under the circumstances, it is clear that Plaintiff

---

[4] Curiously absent from the Complaint is any reference to the identity of the actor or actors, who animated the allegedly improper intent of Defendant, such as a loan officer or a relationship manager.

withdrew its claims against Defendant to avoid a disfavorable judgment on the merits and that Plaintiff's claims against Defendant were frivolous, unreasonable, and without foundation.

5.  Since 42 U.S.C. § 1988 and FED R. CIV. P. 54 permit Defendant to recover its attorney's fees and costs under these circumstances, Defendant files this motion seeking such an award.

## II
## LEGAL STANDARD

### A. RULE 54

6.  Rule 54 provides in pertinent part:

> A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

FED. R. CIV. P. 54(d)(2)(A). Unless a statute or a court order provides otherwise, the motion must:

> (i) be filed no later than 14 days after the entry of judgment;
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> (iii) state the amount sought or provide a fair estimate of it; and
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

FED. R. CIV. P. 54(d)(2)(B).

### B. 42 U.S.C. § 1988

7.  42 U.S.C. § 1988 provides in pertinent part:

> **(b) Attorney's fees**
> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34, **the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs**, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs,

including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b) (emphasis added).

8. In *Dean v. Riser*, the Fifth Circuit considered a matter of first impression in the Circuit, "one scantly traversed by our fellow federal courts," and one presently before this Court: whether a defendant is a prevailing party within the meaning of § 1988 when a plaintiff voluntarily dismisses his action with prejudice before adjudication on the merits. *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001). In its analysis, the Fifth Circuit considered the "overarching principles of § 1988[:]" to " 'clear the way for suits to be brought,' " but also to " 'protect defendants from burdensome litigation having no legal or factual basis.' " *Id.* at 510 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420, 98 S.Ct. 694 (1978)). The Fifth Circuit acknowledged "[t]he practical difficulty of balancing these competing policies," (*id.*) noting:

> Many circumstances may influence a plaintiff to voluntarily dismiss his claim with prejudice. Upon advice of counsel, the plaintiff may decide to withdraw a complaint in federal court to pursue an exclusively state law cause of action. *See Marquart*, 26 F.3d at 852 ("The decision to withdraw a complaint with prejudice and to pursue state law claims ... is a legitimate litigation strategy.").1 This type of strategic decision reveals nothing about the merits of a plaintiff's case but merely indicates his preferred forum. As such, it does not warrant a conclusion that a defendant in such a case has prevailed within the meaning of § 1988.
>
> Moreover, a plaintiff whose claim appeared meritorious at the onset may encounter various changes in his litigation posture during the unpredictable course of litigation. "Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation." *Christiansburg*, 434 U.S. at 423, 98 S.Ct. 694. Should such events create insurmountable problems of proof for the plaintiff, voluntarily withdrawing the complaint with prejudice would be the prudent thing to do. *See Marquart* [*v. Lodge 837*, 26 F.3d 842, 852 (8th Cir.1994).]
>
> However, to hold that in such circumstances the defendant necessarily prevails would penalize the plaintiff for doing precisely what should be done. *See id.* In addition, potential plaintiffs' resulting fear of an increased risk of being assessed attorney's fees " 'would create a disincentive to the enforcement of civil rights

> laws.' " *Id.* (citation omitted). This type of chilling effect would utterly contradict Congress's intent.
>
> With respect to the more calculating plaintiff, who voluntarily withdraws his complaint "to escape a disfavorable judicial determination on the merits," the balance tips in favor of the counter policy to discourage the litigation of frivolous, unreasonable, or groundless claims. *Id.* Any rule that categorically forecloses the possibility of a defendant being found a prevailing party in such circumstances could seriously threaten the effectuation of this policy. A plaintiff could bring a groundless civil rights claim and avoid the consequences contemplated pursuant to § 1988 by merely dismissing his claim before adjudication. Under this construction of the law, the plaintiff would not only be able to shirk responsibility for his actions but also would be inequitably positioned to strip the defendant's protection, as contemplated under § 1988, from burdensome litigation with no legal or factual foundation.

*Dean,* 240 F.3d at 510.

9. Recognizing the "competing policies that undergird § 1988 and the myriad circumstances that influence voluntary dismissals," the Fifth Circuit announced a flexible rule, which "empower[s] trial courts to balance the concerns for encouraging vigorous enforcement of civil rights against discouraging frivolous litigation within the specific and unique context of each individual case." *Id.* at 511. Specifically, **the Fifth Circuit recognized a trial court's discretion to award prevailing party fees to a § 1988 defendant in the wake of a plaintiff's voluntary dismissal when the defendant can demonstrate that the plaintiff withdrew to avoid a disfavorable judgment on the merits.** *See id.* While this rule encourages legitimate civil rights claims by clarifying that the plaintiff's ultimate failure to prevail does not automatically establish that the action must have been unreasonable or without foundation, thereby warranting an award of attorney's fees, it nonetheless "underscores the import Congress placed on protecting civil rights defendants from enduring the burden of groundless litigation. Thus, it provides defendants a means to redress abusive situations in which civil rights plaintiffs could simply dismiss their cases

voluntarily to avoid a judicial determination on the merits that could potentially expose them to an award of attorney's fees for filing a frivolous and unreasonable claim." *Id.*

10. The Fifth Circuit offered the following guidance to district courts in determining whether such dismissals warrant an award of attorney's fees:

> Upon the defendant's motion, the court must determine that the plaintiff's case was voluntarily dismissed to avoid judgment on the merits. Once this affirmative determination has been made, the defendant must then establish that the plaintiff's suit was frivolous, groundless, or without merit. Ordinarily, these inquiries can be resolved from the record developed in the case before the court, supplemented by affidavits and, only if necessary, testimonial evidence. Additional relevant evidence includes but is not limited to information concerning discovery delays and abuses, slothful prosecution, negative rulings, and sanctions against the plaintiffs. Upon reaching the above two conclusions, the district court may then in its discretion award the defendant attorney's fees under § 1988.

*Id.*

### III
### ARGUMENTS AND AUTHORITIES

#### A. DEFENDANT'S MOTION IS TIMELY.

11. A timely motion for fees pursuant to Rule 54 must be filed no later than 14 days after the entry of judgment. FED. R. CIV. P. 54(d)(2)(B)(i). No judgment having been entered in this case, Defendant's Motion is timely.

#### B. DEFENDANT IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES UNDER 42 U.S.C. § 1988.

12. As in *Dean,* the movant here (Defendant) is indisputably before the district court as a defendant. Accordingly, Defendant is entitled to a prevailing party award under § 1988 and the standard announced in *Dean* if it can show (i) Plaintiff voluntarily dismissed its claims to avoid judgment on the merits and (ii) Plaintiff's claims were frivolous, groundless, or without merit. Here, Defendant can readily make these showings.

13. On April 7, 2020, Plaintiff's tenuous causes of action—based entirely on conclusory, speculative allegations and invocations of statutes which, in significant part, afford Plaintiff no cause of action—were already the target of Defendant's then-pending Motion to Dismiss Pursuant to Rule 12(b)(6). [Dkt. 4.]

14. Then, after a telephone conference that day concerning the factual bases for Plaintiff's claims (which call was also Plaintiff's first attempt to discuss its claims with Defendant or its counsel, whether before or after filing this lawsuit), Plaintiff's counsel forwarded the undersigned an email chain reflecting Plaintiff's credit negotiations with a loan officer, Daniel Nam, including the particular credit terms and lending practices at the heart of Plaintiff's Complaint. [*See* **Exhibit A**, a true and correct copy of email correspondence between Kevin Wiley (counsel of record for Plaintiff) and loan officer Daniel Nam]. **It was immediately apparent to the undersigned that the negotiations reflected in these emails and, accordingly, the transaction at the heart of Plaintiff's lawsuit involved a non-party, Texas <u>Republic</u> Bank, N.A., not Defendant Texas <u>Capital</u> Bank, N.A.** Among other telling features: the words "Texas Republic Bank" in bold, green print immediately following Mr. Nam's signature block, and Republic's flashy logo at the bottom of Mr. Nam's opening email, as reflected below:

Daniel Nam
Loan Officer – Commercial Lending
NMLS 893792

**Texas Republic Bank, N.A.**
2595 Preston Rd., Ste. 300
Frisco, Texas 75034

☎ (214) 619-3939 Direct
☎ (469) 826-5102 Cell
☎ (972) 334-0700 Main
daniel.nam@texasrepublicbank.com


**TEXAS REPUBLIC BANK**
Est. 1991
*Banking like it oughta be!*



[Exhibit A at p. 3.] Within two hours of receipt of this correspondence, the undersigned advised Plaintiff, through its counsel, of its apparent error in naming Defendant in this lawsuit, and the resulting frivolity of Plaintiff's claims.

15. Thereafter, Plaintiff represented that its mistake in naming Defendant was not the result of a lack of pre-filing due diligence on its part, but some discrepancy in the business entity records maintained by the Texas Secretary of State. [**Exhibit B**, a true and correct copy of correspondence between the undersigned and counsel for Plaintiff, dated April 7 and 8, 2020]. But a cursory review of these records (which are available to the public at nominal cost via the Secretary's "SOS Direct" website (https://www.sos.state.tx.us/corp/sosda/index.shtml)) reveals nothing linking Defendant Texas Capital Bank, N.A. (Secretary of State filing number 13331) with Texas Republic Bank, N.A., whether as affiliate entities, assumed names of one another, or otherwise. [*See* **Exhibit C**, a true and correct copy of entity records maintained by the Secretary of State for Texas Capital Bank, N.A.].

16. Furthermore, with minimal effort, the undersigned was able to identify the website maintained by Texas Republic Bank, N.A. (https://texasrepublicbank.com/), which is different and easily distinguishable from that maintained by Defendant (https://www.texascapitalbank.com/), and which identifies Daniel Nam—Plaintiff's putative loan officer—prominently on the "Management Team" page (https://texasrepublicbank.com/managementteam/). The undersigned was also able to locate an online list of the Federal Reserve Bank of Dallas' member banks as of November 5, 2019, maintained by the Federal Reserve Bank. (*See* https://www.dallasfed.org/-/media/Documents/banking/memberbanks.pdf?la=en). Notably, this list contains separate and distinct entries for Texas Republic Bank, N.A. and Texas Capital Bank, N.A. (both at page 3 of 6).

17. After being advised of its obvious error in naming Defendant in this lawsuit, and once its counsel was satisfied that Texas Capital Bank, N.A. has nothing to do with Texas Republic Bank, N.A., Plaintiff agreed to voluntarily dismiss its claims against Defendant in this lawsuit. [Exhibit B]. Plaintiff's desire to avoid an unfavorable judgement on the merits can be inferred based on the record and is, indeed, understandable under the circumstances. Unfortunately, this voluntary dismissal did not come soon enough to prevent Defendant's incurrence of $13,710.00 in attorneys' fees and costs in defense of Plaintiff's suit. [*See* **Exhibit D**, Affidavit of Britaney R. Garrett.]

18. Plaintiff's failure to take reasonable steps to identify a proper defendant in this case[5]—not even by reference to its own emails to the ostensible target of its allegations—and the

---

[5] Steps which were, moreover, required as part of the pre-filing inquiry mandated by Rule 11. FED. R. CIV. P. 11.

resulting frivolity of its claims, is apparent from the record here. Accordingly, Defendant is entitled to an award of attorney's fees, pursuant to § 1988.[6]

## IV
## CONCLUSION

19. In light of the foregoing, Defendant respectfully requests that the Court grant its Motion to for Attorneys' Fees Pursuant to Rule 54 and 42 U.S.C. § 1988, grant Defendant its attorney's fees and costs incurred in defending Plaintiff's causes of action in the amount of $13,710.00, and grant Defendant all other relief, in both law and equity, to which it may be justly entitled.

Respectfully submitted,

**CHERRY PETERSEN LANDRY ALBERT LLP**

By: /s/ Craig A. Albert
    Craig A. Albert
    Texas Bar No. 00790076
    Email: calbert@cplalaw.com
    Britaney Garrett
    Texas Bar No. 24101794
    Email: bgarrett@cplalaw.com
    Kenneth C. Meixelsperger
    Texas Bar No. 24031596
    Email: kmeixelsperger@cplalaw.com

    8350 North Central Expressway, Suite 1500
    Dallas, Texas 75206
    Telephone: 214.265.7007
    Facsimile: 214.265.7008

**Counsel for Defendant**
**Texas Capital Bank, N.A.**

---

[6] That Plaintiff's conclusory and legally untenable claims are also groundless for the reasons set forth more fully in Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) [Dkt. 4] is another, albeit unnecessary, basis for a fee award to Defendant here.

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2020, I served the foregoing document by electronic transmission to all counsel of record.

/s/ Craig A. Albert
Craig A. Albert