IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| R.K.C.J., LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:20-cv-533-K |
| § | |
| TEXAS CAPITAL BANK, N.A., § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Texas Capital Bank, N.A., has filed a motion to correct a clerical error pursuant to Federal Rule of Civil Procedure 60(a), *see* Dkt. No. 14, which United States District Judge Ed Kinkeade referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b), *see* Dkt. No. 15. Plaintiff R.K.C.J., LLC, did not file a response to the motion.

Texas Capital Bank requests that the Court amend its September 16, 2020 Order to specify that, in addition to R.K.C.J., R.K.C.J.'s attorney is also liable for the attorneys' fees awarded. For the reasons explained below, the Court should deny Texas Capital Bank's Motion [Dkt. No. 14].

**Background**

On March 2, 2020, R.K.C.J. filed this action against Texas Capital Bank. *See* Dkt. No. 1. R.K.C.J. alleged that Texas Capital Bank required onerous terms to refinance a loan on the basis of R.K.C.J.'s owner's race in violation of the Civil Rights Act of 1871, the Civil Rights Act of 1964, and the Equal Credit Opportunity Act.

But R.K.C.J. sued the wrong bank. Rather than the bank that imposed the terms – Texas Republic Bank – R.K.C.J. sued Texas Capital Bank, which, as both parties now agree, was not involved in the underlying transaction and had no interaction with R.K.C.J. before the lawsuit was filed.

Texas Capital Bank responded to the complaint by filing a motion to dismiss. *See* Dkt. No. 4. While the motion was pending, R.K.C.J. discovered its mistake and voluntarily dismissed Texas Capital Bank from this action. *See* Dkt. No. 7.

After the case was terminated, Texas Capital Bank filed a motion to recover its attorneys' fees under 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54. *See* Dkt. No. 9. On August 24, 2020, the undersigned recommended that the Court grant the motion and award Texas Capital Bank its attorneys' fees as the prevailing party because R.K.C.J. voluntarily dismissed its claims to avoid a judgment on the merits, and R.K.C.J.'s claims against Texas Capital Bank were "groundless and without merit." Dkt. No. 12 at 12-14. On September 16, 2020, Judge Kinkeade accepted the undersigned's findings, conclusions, and recommendation and awarded Texas Capital Bank its requested attorneys' fees. *See* Dkt. No. 13.

Almost two months later, Texas Capital Bank filed the present motion. Texas Capital Bank contends that the September 16, 2020 Order contained a clerical error because it "did not specify who would be liable for the award: Plaintiff individually or both Plaintiff and Plaintiff's counsel." Dkt. No. 14 at 4. Neither R.K.C.J. nor its attorney filed a response.

Because R.K.C.J.'s attorney cannot be liable for attorneys' fees under Section 1988 and Texas Capital Bank raised no other theories of recovery, the Court should deny the motion.

## Legal Standard

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). "A Rule 60(a) motion is appropriate where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another." *NewCSI, Inc. v. Staffing 360 Solutions, Inc.*, 865 F.3d 251, 263 (5th Cir. 2017) (internal quotation marks and citations omitted). But "Rule 60(a) does not confer a perpetual right to apply different legal rules or different factual analyses to a case" and "the error addressed by a proper Rule 60(a) motion must not be one of judgment or even of misidentification, but merely of recitation." *Id.* And "a change to a judgment that affects [the] substantive rights of the parties is beyond the scope of Rule 60(a)" *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 198-99 (5th Cir. 2011) (footnote and internal quotation marks omitted).

## Analysis

The Court should reject Texas Capital Bank's motion to correct the September 16, 2020 Order to make the attorneys' fees payable by R.K.C.J.'s counsel. Texas Capital Bank's request is more than just correcting an oversight or omission – it is an entirely new legal theory. Texas Capital Bank never requested that R.K.C.J.'s

attorney should be on the hook for the attorneys' fees, making it impossible to say that that is what the Court always intended in the September 16, 2020 Order. And the only statute under which Texas Capital Bank sought attorneys' fees, Section 1988(b), "does not authorize the award of attorneys' fees against a plaintiff's attorney." *McCully v. Stephenville Indep. Sch. Dist.*, No. 4:13-CV-702-A, 2013 WL 6768053, at *2 (N.D. Tex. Dec. 23, 2013) (citing *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990)). So, the Court could not have included the requested language even if Texas Capital Bank had asked.

Under other statutes and rules, a district court can impose attorneys' fees on the opposing attorney. For instance, "28 U.S.C. § 1927 allows a district court in its discretion to require an attorney 'to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred'" if the attorney "so multiplies the proceedings in any case unreasonably and vexatiously." *Strain v. Kaufman Cty. Dist. Attorney's Off.*, 23 F. Supp. 2d 698, 702 (N.D. Tex. 1998) (quoting 28 U.S.C. § 1927)). And, when it is the least severe sanction available to deter similar conduct, courts can impose attorneys' fees for violations – such as making factual contentions without evidentiary support – under Federal Rule of Civil Procedure 11. *See Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1194-95 (5th Cir. 1996). Under both theories, the Court must afford ample due process to the attorney being sanctioned. *See Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 481 (5th Cir. 2012) (noting opportunity to respond required before issuing sanctions under Section 1927); *Merriman*, 100 F.3d at 1191-92 (same under Rule 11). But, even if the facts of this case lend themselves

to those theories, Texas Capital Bank never raised them, R.K.C.J. never had an opportunity to respond, and the Court never determined if R.K.C.J.'s attorney's conduct rose to a sanctionable level.

Because Texas Capital Bank never requested that the Court find R.K.C.J.'s attorney liable for attorneys' fees and such an order would not be allowed under the theory previously raised, the Court should not amend its September 16, 2020 Order under Rule 60(a).

## Recommendation

The Court should deny Texas Capital Bank's Motion to Correct Clerical Error in Judgement [Dkt. No. 14].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 24, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE